# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **RAYMOND GOEDEKE,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:05-0554** |
| ) | |
| **THOMAS MCBRIDE, Warden,** ) | |
| **Mount Olive Correctional Complex,** ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On July 12, 2005, Petitioner, an inmate at Mount Olive Correctional Complex [MOCC], acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody and an Application to Proceed *in Forma Pauperis*.[1] (Document Nos. 1 and 2.) Petitioner alleges the following grounds for *habeas* relief:

1. Petitioner contends that he was denied his rights to effective assistance of counsel in direct violation of the Sixth Amendment to the United States Constitution and under Article III, Section 14 of the West Virginia Constitution (Id. at 11-15.);

2. The State's failure to disclose during pre-trial discovery certain evidence that was favorable to the Petitioner denied him his basic Fourteenth Amendment [right] to a fair trial (Id. at 15-17.);

3. Petitioner's rights to a fair trial [were] violated by the Court in repeatedly permitting the prosecuting attorney [to] knowingly use perjur[ed] testimony, allowing the prosecuting attorney to inflam[e] the jury with prejudice and passion and stating as facts that was not into evidence, further allowing the prosecuting to shift the burden of proof to Petitioner. The acts of the prosecuting attorney denied Petitioner his clear right to a fair trial. Prosecutor repeatedly stated as facts testimony that was not into evidence. This is . . . an unreasonable application clearly established United States, precedent setting law, and violated the Petitioner's right under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and violate Article III,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

        Section 10 of West Virginia Constitution (Id. at 17-19.);

4. Petitioner's rights to a fair trial was violated by the jurors reading newspaper during trial this is . . . an unreasonable application of clearly established United States, precedent setting law, and violated the Petitioner's right[s] under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and violate Article III, Section 10, and 14 of West Virginia Constitution (Id. at 19.);

5. Petitioner's right to a fair trial was violated by the trial judge did not compel Dr. Whelan to testify or give report and did not allow alternative evaluation of Defendant contrary to a [    ]reasonable application of clearly established United States, precedent setting law, and violated the Petitioner's right under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and violate[d] Article III, Section 10, and 14 of West Virginia Constitution (Id. at 20.);

6. Petitioner's rights to a fair trial [were] violated by the trial judge when the Petitioner was forced to trial while the Petitioner was not mentally competent. This is . . . an unreasonable application of clearly established United States, precedent setting law, and violated the Petitioner's right[s] under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and violate[d] Article III, Section 10, and 14 of West Virginia Constitution (Id.);

7. Petitioner['s] confession was coerced, due to his overmedicated condition and the State Police informing Petitioner that if he would confess, the troopers would help him and a confession would make the situation easier for Petitioner (Id.);

8. Petitioner was denied a fair trial and his right to remain silent was violated because Petitioner was detained and questioned by a State Trooper without proper warnings being given to Petitioner. Petitioner's right to a fair trial and his due process rights were violated because Petitioner was never provided a copy of the Grand Jury Minutes (Id. at 21.);

9. Petitioner was denied a fair trial because one of his subpoenaed witnesses, Dr. Joseph Whelan, failed to appear, and the trial court allowed the trial to continue without a capias being issued or without allowing Petitioner to find another expert capable of addressing the same issue Dr. Whelan would have addressed (Id.);

10. Petitioner was denied a fair trial because the trial court improperly allowed gruesome photographs to come into evidence, thus prejudicing the jury (Id.);

11. Petitioner's rights to a fair trial [were] violated by the court [when it] admitted eleven gruesome photograph[s] of the crime scene, a bloody laundry basket and blood stained carpet that were not of essential value to the State's case. This is . . . an unreasonable application of clearly established United States, precedent setting law,

        and violated the Petitioner's right[s] under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and violate[d] Article III, Section 10, and 14 of West Virginia Constitution (Id. at 21-22.);

12. Petitioner's conviction is based upon insufficient evidence of first degree homicide (Id. at 22.); and

13. The prosecutor improperly communicated with a witness, the State's medical examiner, by shaking the witness's hand and thanking him for his testimony. Said exchange prejudiced the jury's view of said witness's testimony, improperly suggesting that the testimony supported the State's theory of the offense versus Petitioner's theory. (Id.)

By Standing Order filed on July 12, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." From the record available to the Court, it appears that Petitioner filed his Petition beyond the one-year statute of limitation pursuant to 28 U.S.C. § 2244(d)(1). Accordingly, because the circumstances in Petitioner's case do not justify equitable tolling, the undersigned has determined that Petitioner's § 2254 Petition should be dismissed.

## PROCEDURE AND FACTS

On June 10, 1994, after a trial by jury, Petitioner was convicted in the Circuit Court of Raleigh County, West Virginia, of first degree murder. State v. Goedeke, Criminal Case No. 93-F-515 (July 12, 1994). (Document No. 1, p. 1.) The Circuit Court sentenced Petitioner on July 12, 1994, to life imprisonment without mercy. (Id.) On November 23, 1994, Petitioner, by counsel, appealed his conviction and sentence to the Supreme Court of Appeals of West Virginia [SCAWV],

raising the following assignments of error:

> 1. The trial court erred in permitting the jury to consider the charge of first degree murder where the court failed to properly instruct the jury on the element of premeditation and allowed the jury to infer intent both terms constituting essential elements of the crime.
>
> 2. The trial court erred by admitting into evidence eleven gruesome photographs of the crime scene, a bloody laundry basket, and blood stained carpet none of which were of essential value to the State's case.

(Document No. 1, pp. 1, 3, 24.) The SCAWV refused Petitioner's Petition by Order entered on February 1, 1995. (Id.)

On July 2, 2001, Petitioner filed his Petition for Writ of Habeas Corpus in the Circuit Court of Raleigh County. Goedeke v. Painter, Civil Action No. 01-C-561-H (Jan. 30, 2004). (Document No. 1, p. 2.) By Order entered January 30, 2004, Petitioner's *habeas* Petition was dismissed. (Id.) Petitioner's appeal of the Circuit Court's denial of his *habeas* Petition was denied by Order entered October 21, 2004. Goedeke v. Painter, No. 041386 (W.Va. Oct. 21, 2004).

On July 12, 2005, Petitioner filed his instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody in this District Court. (Document No. 1.) Construing Petitioner's Application liberally and in consideration of Petitioner's State *habeas* proceedings, it is clear that Petitioner filed his instant Petition beyond the one-year statute of limitation under 28 U.S.C. § 2244(d)(1)(A).

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that § 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's direct appeal of his conviction was refused by the SCAWV on February 1, 1995. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court and therefore, his conviction became final by the expiration of the time for seeking such review on May 2, 1995 (90 days after the SCAWV refused his Petition for Appeal of his conviction and sentence). Petitioner's conviction became final however, prior to the April 24, 1996, enactment of the AEDPA.

---

[2] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Brown v. Angelone, 150 F.3d 370, 374 (4th Cir. 1998), the Fourth Circuit Court of Appeals held "that a prisoner whose statutory right to seek federal habeas relief accrued prior to the AEDPA must receive a reasonable period of time after the statute's effective date to file his petition." The Fourth Circuit determined that a "'reasonable period' means one year from the effective date of the AEDPA -- i.e., that prisoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their § 2254 petition." Id. at 375. Accordingly, pursuant to the holding in Brown and Rule 6(a) of the Federal Rules of Civil Procedure,[3] Petitioner's one-year statute of limitation began to run on April 25, 1996, and he had until April 24, 1997, to file a § 2254 Petition in the United States District Court, unless he first sought post-conviction relief from the State Courts, thereby effectively tolling the one-year limitation period.[4]

Petitioner filed his first State *habeas* Petition on July 2, 2001, four years and sixty-nine days after the § 2244(d)(1)(A) limitation period expired. Accordingly, the statute was not tolled because of Petitioner's State Court *habeas* proceedings. Petitioner did not file his instant § 2254 Application

---

[3] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

(a) **Computation**. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which the weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

[4] Title 28, U.S.C. 2244(d)(2) provides as follows:

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

until July 12, 2005, eight years and seventy-nine days after the § 2244(d)(1)(A) limitation period expired. Accordingly, the undersigned finds that Petitioner's instant § 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(*en banc*); Harris, 209 F.3d at 328-31. In determining whether to apply the doctrine of equitable tolling, the District Court is required to consider the "facts and circumstances" of the particular case. Harris, 209 F.3d. at 330 (the doctrine "does not lend itself to bright-line rules."). In Harris, the Court of Appeals stated as follows:

> To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. Thus, equitable tolling is justified when the petitioner can demonstrate that extraordinary circumstances external to his own control prevented timely filing of the petition. Id.; Rouse, 339 F.3d at 246. Petitioner has not made such a showing. The Court does not find that the particular circumstances of Petitioner's case warrant tolling of the statute. Petitioner's § 2254 Petition was filed more than eight years from the expiration of the limitation period. See Rouse v. Lee, 341 F.3d 698, 705, n.6 (4th Cir. 2003)("A court considering equitable tolling should consider the length of a petitioner's delay, to ensure adequate attention to the possibility of prejudice to the State, in the case of lengthy delays, and to ensure fairness to the petitioner, in the case of very short ones.")(vacated on other grounds). Accordingly, Petitioner is foreclosed from the application of equitable tolling to his case. See Rouse, 314 F.3d at 704-05 (Stating that "precedent might well have

foreclosed the application of equitable tolling" even where Petitioner had pursued all avenues of available relief, did not consent to or know of counsel's late filing, and where the State was not prejudiced by the delay in filing).

In accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), Petitioner is hereby notified that his § 2254 action will be dismissed as untimely, unless Petitioner can demonstrate that the Petition was filed within the proper time period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and find that Petitioner's Petition for Writ of *Habeas Corpus* is untimely under 28 U.S.C. 2244(d)(1)(A). Unless, during the objection period described below, the Petitioner can demonstrate that his Petition was timely filed, it is hereby respectfully **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 2.), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1.) and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

ENTER: November 22, 2005.

                                                                       R. Clarke VanDervort
                                                                       United States Magistrate Judge