IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RAYMOND GOEDEKE,

        Petitioner,

v.                                 CIVIL ACTION NO. 5:05-cv-00554

THOMAS MCBRIDE, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the respondent's Motion for Summary Judgment [Docket 35] and Motion to Dismiss [Docket 33]. On July 13, 2006, this court remanded the case to the Honorable R. Clarke VanDevort, United States Magistrate Judge, for proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). On October 16, 2006, the respondent filed the underlying motions, and on August 3, 2007, the Magistrate Judge filed Proposed Findings and Recommendations [Docket 40]. The petitioner filed an Objection to the Proposed Findings and Recommendations on September 21, 2007 [Docket 43]. The petitioner "objects generally to all findings and recommendations" proposed by the Magistrate Judge, but specifically objects to the proposed findings and recommendations as they relate to the petitioner's claim of ineffective assistance of counsel. Having reviewed the remaining Proposed Findings and Recommendations *de novo* and finding no error, I will focus on that portion of the Magistrate Judge's findings and recommendations that addresses the petitioner's claim of ineffective assistance of counsel. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("If a party objects, the district court shall make a de novo review of the specified proposed findings or recommendations objected to."). For the reasons

that follow, the court hereby **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge, **GRANTS** the respondent's Motion for Summary Judgment [Docket 35], and **DENIES** the petitioner's § 2254 motion.

**I.     Background**

A Raleigh County jury convicted the petitioner on June 10, 1994, of the charge of first degree murder of Margie Stewart.  *State v. Goedeke*, Crim. No. 93-F-515. [Docket 35, Exh. 2].  On June 28, 1994, the petitioner received a sentence of life imprisonment without mercy. [Docket 35, Exh. 2].  Mr. Goedeke petitioned the West Virginia Supreme Court of Appeals for review of his conviction and sentence on November 23, 1994, specifically alleging error in two forms: first, he claimed that the trial court improperly instructed the jury on the requisite showing of intent, and second, he alleged that the trial court erred by admitting "eleven gruesome photographs of the crime scene." [Docket 35, Exh 4].  The Supreme Court of Appeals denied his petition by order dated February 1, 1995.

Some six years later, the petitioner filed a *habeas* petition and an amended *habeas* petition in the Circuit Court of Raleigh County, asserting twenty-four bases for *habeas* relief. [Docket 35, Exh. 6].  Only one of those bases is relevant to the petitioner's instant objection.  In his petition, he alleged that

> Petitioner's trial counsel failed to fully inform and educate Petitioner as to the ramifications of the State's plea bargain offer, namely, Petitioner's trial counsel failed to inform Petitioner that the State's plea offer, a forty-year determinate sentence, would have resulted in Petitioner being eligible for release after ten to twelve years.  Petitioner was given the impression that the State's plea offer of forty years meant Petitioner would be incarcerated for forty years.

After conducting discovery and granting a psychiatric evaluation based on several of the petitioner's other claims for relief, the Circuit Court denied the petitioner's *habeas* petition on January 30, 2004,

finding "no factual basis" for the petitioner's claim related to ineffective assistance of counsel during plea bargaining. [Docket 35, Exh. 10, p.48].

On August 2, 2004, the petitioner filed a petition for review of the Circuit Court's denial of his *habeas* petition in the West Virginia Supreme Court of Appeals. [Docket 35, Exh. 11]. In his petition, he once again alleged that he was a victim of ineffective assistance of counsel based on the information he received during plea negotiations. [Docket 35, Exh. 11, p.17-19] ("The Trial Court erred in dismissing Petitioner's assertion of ineffective assistance of counsel based upon a failure to explain a plea bargain offer made by the State."). On October 21, 2004, the West Virginia Supreme Court of Appeals denied his Petition. *Goedeke v. Painter*, No. 041386 (W.Va. Oct. 21, 2004) [Docket 35, Exh. 11].

Six months later, the petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody in this District Court, in which he asserts, among other things, that "[t]he Trial Court erred in dismissing Petitioner's assertion of effective assistance of counsel based upon a failure to properly explain a plea bargain offer made by the State." [Docket 1]. The petitioner once again alleges that

> Petitioner's trial counsel failed to fully inform and educate Petitioner as to the ramifications of the State's plea bargain offer, namely Petitioner's trial counsel failed to inform Petitioner that the State's plea offer, a forty-year determinate sentence, would have resulted in Petitioner being eligible for release after ten to twelve years. Petitioner was given the impression that the State's plea offer of forty years meant Petitioner would be incarcerated for forty years.

The Magistrate Judge filed Proposed Findings and Recommendation on November 22, 2005, finding that petitioner filed the instant petition after the one-year statute of limitation had lapsed. *See* 28 U.S.C. § 2244(d)(1). He further found that no grounds existed for equitable tolling and recommended that the petition be dismissed. [Docket 4]. The petitioner filed a Reply in Opposition

on January 13, 2006 [Docket 7], and based on that reply, I rejected the November 22, 2005 Proposed Findings and Recommendation by Memorandum Opinion and Order filed on January 20, 2006 [Docket 8]. Following an evidentiary hearing and extensive briefing, I entered a Memorandum Opinion and Order on July 13, 2006, finding that the petitioner's instant petition was timely filed. [Docket 26]. I remanded the case to the Magistrate Judge for proposed findings and recommendations regarding the merits of the petition. [Docket 26].

On October 16, 2006, the respondent filed a Response to Petitioner's Petition [Docket 34], a Motion to Dismiss [Docket 33], a Motion for Summary Judgment [Docket 35], and a Memorandum in Support [Docket 36]. In his Memorandum in Support, the respondent addresses the petitioner's claims of ineffective assistance of counsel. [Docket 36, pp. 34-48]. In response to the petitioner's allegation that he received ineffective assistance of counsel due to his lawyer's failure to apprise him of the ramifications of a plea offer, the respondent argues that defense counsel is not constitutionally required to advise a defendant of parole eligibility. Parole eligibility, the respondent contends, is but a collateral consequence of a guilty plea. The respondent also maintains that, because the petitioner does not allege that he would have accepted the plea offer if his attorney informed him of his eligibility for parole, his claim ultimately fails. [Docket 36, pp.45-46]. Finally, the respondent states that "[t]he Petitioner, an inveterate liar, has not provided a scrap of corroborating evidence supporting [the] self-serving statement" that he would be eligible for parole or that he was entitled to day for day credit. [Docket 36, pp.45-46].

Spurred, in all likelihood, by the respondent's statements, the petitioner then filed a Brief in Reply to Respondent's Motions and an Affidavit in Support [Docket 39], in which he again maintains that he "received ineffective assistance of counsel during the plea bargaining process such

-4-

as to deprive him of his constitutionally guaranteed right to counsel." His affidavit claims the following:

> 4. At the time following the indictment but prior to the commencement of the trial in this matter, [my trial lawyer] Mr. McGraw represented to me that the State of West Virginia, through Assistant Prosecutor Kristen Keller, was offering me a plea bargain to resolve the charge of first degree murder.
> 5. Mr. McGraw explained to me that, under the terms of the plea bargain, I would plead guilty to one charge of murder in the first degree and would receive a prison sentence of "40 years flat."
> 6. Mr. McGraw did not explain to me at that time that a sentence of '40 years flat' meant a chance of being released, with good behavior, in 20 years.
>                           * * *
> 10. My decision to reject the State's offer was based entirely on my belief that I was facing effectively the same sentence whether I proceeded to trial or not, but by going to trial, I stood at least a chance of gaining an acquittal.
> 11. Had I known at the time that a sentence of "40 years flat" meant I could be released in 20 years, with good behavior, I would have accepted the State's offer rather than risking the possibility of a life sentence at a trial.

## II.  Standard of Review

### A.  Habeas Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief on a claim "adjudicated on the merits" in a state court only if: 1) the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  As the Supreme Court has explained, a state court acts contrary to clearly established federal law if the "court arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court

has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

When analyzing whether a state court acted contrary to Supreme Court precedent, "a determination of a factual issue made by a [s]tate court shall be presumed to be correct" and the petitioner "ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Because the petitioner has not "show[n] that the claim relies on . . . a factual predicate that could not have been previously discovered through the exercise of due diligence," the court "shall not hold an evidentiary hearing." 28 U.S.C. § 2254(e)(2).

B. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. Analysis

In order to "prevail on an ineffective assistance claim, a habeas corpus petitioner must satisfy [a] two-pronged test." *Daniels v. Lee*, 316 F.3d 477, 491 (4th Cir. 2003). Under this test, first established in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the petitioner must demonstrate 1) that his lawyer's performance was deficient by showing that his performance fell below an objectively reasonable standard, and 2) that counsel's deficient performance prejudiced the petitioner's case. *See Strickland*, 466 U.S. at 686. A court may review either element first to determine whether a defendant may satisfy the test as a whole.[1] *Hill v. Lockhart*, 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985) (finding it "unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel because . . . we conclude that petitioner's allegations are insufficient to satisfy the [*Strickland*] requirement of 'prejudice.'"). Deficient performance will only result in prejudice to the defendant if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Counsel's performance will only be considered "deficient" from a constitutional standpoint if the "representation [falls] below an objective standard of reasonableness." *Id.* at 688.

---

[1] I will not assess whether the petitioner has suffered prejudice, as I find that this case turns on whether the petitioner's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 686.

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. * * *At the same time, the court should recognize that *counsel is strongly presumed to have rendered adequate assistance* and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690 (emphasis added).

The petitioner alleges that, during plea negotiations, the prosecutor offered to allow the petitioner to plead guilty to one count of first degree murder. [Docket 39, Exh. 1]. According to the petitioner, his attorney "explained . . . that, under the terms of the plea bargain, [the petitioner] would plead guilty to one charge of murder in the first degree and would receive a prison sentence of '40 years flat.'" [Docket 39, Exh. 1, para.5]. His attorney, however "did not explain . . . at the time that a sentence of '40 years flat' meant a chance of being released, with good behavior, in 20 years." [Docket 39, Exh. 1, para.6]. This, the petitioner claims, was an "inadequate explanation of the terms of the plea bargain" offered by the prosecutor. [Docket 39, Exh. 1, para.9]. Based on the "mistaken[] belie[f]" that he would serve 40 years, therefore becoming eligible for release at the age of 84, the petitioner instead chose to proceed to trial. [Docket 39, Exh. 1, para.8-9].

The petitioner argues that a defendant's right to effective assistance of counsel "is violated when he is grossly misinformed about parole eligibility dates and relies upon that information." [Docket 43, p2]. The petitioner relies on *Strader v. Garrison*, a Fourth Circuit case involving a defendant's decision to enter a guilty plea based on an incorrect calculation of the defendant's parole eligibility. 611 F.2d 61 (4th Cir. 1979). In *Strader*, the defendant committed separate crimes after escaping from prison, and faced consecutive sentences to run at the end of a term of imprisonment

which he was already serving. *Id.* at 62. The defendant and his counsel incorrectly calculated the defendant's parole eligibility date. *Id.* at 62. The Fourth Circuit held that "when [a defendant] is grossly misinformed about [parole eligibility dates], and relies upon that misinformation, [a defendant] is deprived of his constitutional right to counsel." *Id.* at 65.

Parole eligibility calculations, while perhaps useful to defendants in determining whether they wish to exercise their right to jury trial or enter a plea agreement, need not be disclosed to defendants contemplating a plea agreement. *Strader*, 611 F.2d at 63 ("Ordinarily, parole eligibility is such an *indirect and collateral consequence*, of which *a defendant need not be specifically* advised by the court *or counsel* before entering a plea of guilty.") (emphasis added). This standard comports with the indefinite nature of parole in West Virginia, where, upon meeting several statutory requirements, a prisoner becomes "eligible for parole." W. Va. Code § 62-12-13(b); *see also State v. Lindsay*, 160 W.Va. 284, 233 S.E.2d 734, 738 - 739 (1977) ("One convicted of a crime and sentenced to the penitentiary is never entitled to parole. He is eligible to be considered for parole." (internal citation omitted)). Read in full, *Strader* instructs that parole eligibility dates need not be disclosed with a plea offer. *Strader*, 611 F.2d at 65. If, however, the defendant inquires as to parole eligibility or counsel undertakes to provide such information, the information must not "grossly misinform[]" the defendant such that he relies on it to his detriment. *Strader*, 611 F.2d at 65 ("[P]arole eligibility dates are collateral consequences of the entry of a guilty plea of which a defendant need not be informed *if he does not inquire*[.]").[2] The *Strickland* rub only arises when a

---

[2] The standard also appears to apply in the context of determining whether a defendant's guilty plea is "voluntary." *See O'Tuel v. Osborne*, 706 F.2d 498 (4th Cir. 1983). In *O'Tuel*, the defendant responded to plea negotiations "*by asking* [his counsel' what the parole eligibility would be if he decided to plea guilty to the lesser offense." *Id.* at 499 (emphasis added). (continued...)

defendant's lawyer misinforms him when he has asked about parole eligibility. The failure to provide parole eligibility estimates therefore does not – taken alone – render assistance from counsel ineffective.

Here, the petitioner has not alleged that he asked his counsel whether and when he would be eligible for parole if he decided to accept the prosecutor's plea offer. *See* Petition [Docket 1], ("Petitioner's trial counsel failed to fully inform and educate Petitioner as to the ramifications of the State's plea bargain offer, namely Petitioner's trial counsel *failed to inform* Petitioner that the State's plea offer, a forty-year determinate sentence, would have resulted in Petitioner being eligible for release after ten to twelve years). Likewise, after reviewing the record, I have found no evidence which presents a question of fact as to whether the petitioner actually *requested* parole eligibility information from Mr. McGraw. In the petitioner's Affidavit – his free chance to present any factual scenario he chose without fear of cross examination – the petitioner failed to allege that he asked his counsel for information related to parole eligibility. [Docket 39, Exh. 1].

All of this, of course, leaves aside the deference this court owes the state court's findings of fact related to the plea bargaining scenario in the defendant's underlying conviction. This court must presume that the state court's findings are correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e). The petitioner's sole affidavit alleging the facts surrounding the plea

---

[2](...continued)
After being incorrectly advised that the eligibility date would be ten years earlier than state law provided, the defendant decided to plead guilty. *Id.* at 499. The defendant then filed a *habeas* petition, arguing that he was grossly misinformed which rendered his plea "involuntary and unintelligent[]." *Id.* at 499. Relying on *Strader*'s holding that "parole eligibility dates are collateral consequences of the entry of a guilty plea of which a defendant need not be informed if he does not inquire," the court found that the defendant did ask and relied on the gross misinformation. *Id.* at 500. His plea, the court held, was thus not "voluntary and knowing."

-10-

negotiation does not constitute "clear and convincing evidence" such that the petitioner has met his "burden of rebutting the presumption of correctness" of the state court's findings that "no factual basis" existed for the petitioner's claim related to ineffective assistance of counsel during plea bargaining. 28 U.S.C. § 2254(e); [Docket 35, Exh. 10, p.48]. The defendant would also be unsuccessful if he claimed that the factual record is bare on the issue. He may only supplement the factual record in this case if he shows that the "factual predicate . . . could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Here, he has made no such showing.

**IV.    Conclusion**

Because the petitioner did not ask his trial lawyer to provide information related to his parole eligibility, the petitioner's ineffective assistance of counsel claim must fail. This may appear to be a fine line, but it also appears to be a bright one. Because the petitioner has failed to offer any evidence which presents an issue of material fact related to that issue, I **FIND** that the defendant has failed to state a claim for ineffective assistance of counsel. I therefore also **FIND** that the petitioner's state court conviction was not "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Accordingly, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge's well-reasoned and thorough opinion, **GRANTS** the respondent's Motion for Summary Judgment [Docket 35] and **ORDERS** that the petition be **DISMISSED**, with prejudice. The respondent's Motion to Dismiss [Docket 33] is **DENIED** as moot.

The court **DIRECTS** the Clerk to send a certified copy of this written Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: September 28, 2007

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge